UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

JAMES EDWARD McCARTHY, et al.,

Plaintiffs,

-against-

BERNARD STOLLMAN, et al.,

Defendants.

----------------------------------------------------------------------X

06 Civ. 2613 (DAB) (DF)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE DEBORAH A. BATTS, U.S.D.J.:**

In this copyright action, which has been referred to me for general pretrial supervision and to report and recommend on dispositive motions, defendants Bernard Stollman ("Stollman") and ESP-Disk (collectively, "Defendants") have filed a motion to dismiss the Amended Complaint of plaintiffs James Edward McCarthy, Paul Raymond Thornton, Lawrence Kessler and Kelly Dillion (collectively, "Plaintiffs"). Defendants argue in their motion that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted or, alternatively, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, for failure to set forth a short and plain statement of Plaintiffs' claims.

For the reasons discussed below, I respectfully recommend that Defendant's motion (Dkt. 40) be denied.

## BACKGROUND

In their Amended Complaint, Plaintiffs allege that Defendants have engaged in the unauthorized reproduction and distribution of certain records and compact discs ("CDs") embodying musical compositions in which Plaintiffs hold registered copyrights. (*See* Amended Complaint, dated July 24, 2006 ("Am. Compl.") (Dkt. 2), at ¶¶ 18, 25-36.)

More specifically, Plaintiffs allege that they formerly comprised a punk rock band known as the "Godz" and that, during the period from 1966 to 1973, as members of the Godz, they collectively composed the original music and lyrics that constitute the musical compositions at issue. (*Id*., at ¶¶ 11, 12, 15, 18 and Ex. D.)  According to Plaintiffs, Defendants, who managed the Godz at the relevant times and assisted in the production of certain records on which Plaintiffs' musical compositions were embodied, had agreed to assist Plaintiffs in copyrighting their music. (*See id*., at ¶¶ 13-14, 17.)  Plaintiff allege that Defendants failed to fulfill this obligation and never obtained registered copyrights of the Godz' musical compositions. (*See id*., at ¶ 21.)  Prior to this litigation, however, Plaintiffs themselves obtained federal copyright registrations of these musical compositions. (*Id.,* at ¶ 18.)  The registrations, certificates of which are attached to the Amended Complaint, apparently became effective in 2005. (*See id*., at Ex. D.)

Plaintiffs claim that, beginning in 2005, Defendants manufactured and sold, and that they continue to manufacture, market and sell, unauthorized CD and digital copies of Plaintiffs' musical compositions. (*Id*., at ¶¶ 24, 25, 33.)  In this regard, Plaintiffs attach to their Amended Complaint documents purporting to be July 2006 printouts from Defendants' website, showing such CDs being offered for sale. (*See id*., at Ex. C.)  Plaintiffs further allege that Defendants have also licensed third-party vendors to sell CDs containing Plaintiffs' compositions. (*Id*., at ¶ 26.)

Defendants, for their part, assert that Plaintiffs are not the exclusive owners of the copyrights at issue.  Rather, Defendants contend that, pursuant to the parties original "coproduction and copublishing agreement" (referred to by Defendants as the "ESP-GODZ

Agreement"), Defendants own a 50-percent interest in Plaintiffs' musical works. (*See* Defendant's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint, dated Apr. 3, 2008 ("Def. Mem.") (Dkt. 42), at 7, 19; *see also* Answer to Amended Complaint, dated Mar. 13, 2008 ("Answer") (Dkt. 13), at Ex. 1 (ESP-GODZ Agreement).) In response, Plaintiffs argue that any interest acquired by Defendants through the ESP-GODZ Agreement was expressly limited by the three-year term of the agreement and that, in any event, Defendants breached the agreement in failing to obtain copyrights of the subject works. (*See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, dated Aug. 18, 2008 ("Pl. Mem.") (Dkt. 47), at 10; Plaintiffs' Sur-Reply in Opposition to Defendants' Motion to Dismiss, dated Sept. 2, 2008 ("Pl. Sur-Reply Mem.") (Dkt. 53), at 2 (citing Reply to Defendants' Amended Answer and Counterclaims, dated Apr. 7, 2008 ("Reply to Answer and Counterclaims") (Dkt. 15), at ¶ 53).)

In their motion, Defendants seek dismissal of the Amended Complaint on the following grounds: First, Defendants argue that, as a matter of law, federal copyright protection is not available to sound recordings produced prior to February 15, 1972. (Def. Mem., at 15; Defendants' Memorandum of Law in Response to Plaintiffs' Opposition to Defendants' Motion to Dismiss, dated Aug. 29, 2008 ("Def. Reply Mem.") (Dkt. 50), at 14-15.) Second, Defendants assert that, even if the musical works at issue are subject to federal copyright protection, Defendants possess a 50-percent ownership interest in those musical works. (Def. Mem., at 19.) Finally, Defendants seek dismissal on the ground that Plaintiffs have failed to plead, with sufficient specificity, Defendants' acts of infringement. (Def. Mem., at 19-20.)

## DISCUSSION

### I. APPLICABLE LEGAL STANDARDS

#### A. Rule 12(b)(6)

A case is subject to dismissal under Rule 12(b)(6) where the complaint is not legally sufficient to state a claim upon which relief can be granted. *See Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir. 1991). In deciding a Rule 12(b)(6) motion, the Court "accept[s] as true all factual statements alleged in the complaint and draw[s] all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted); *accord Jaghory v. New York State Dep't of Ed.*, 131 F.3d 326, 329 (2d Cir. 1997). A court should grant dismissal where, after considering plaintiffs' allegations in this generous light, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Walker v. City of New York*, 974 F.2d 293, 298 (2d Cir. 1992). At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Achtman v. Kirby, McInerney & Squire*, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted). Rather, in order to withstand a motion to dismiss, a complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *see also Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (a pleader is obliged "to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.").[1]

---

[1] In most cases involving *pro se* litigants, "the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (collecting authority). In

**B. Rule 8(a)**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading "does not have to set out in detail the facts in which the claim for relief is based, but must give the court and the defendant fair notice of what [the] plaintiff's claim is and the grounds upon which it rests." *Owens v. Suter,* 02 Civ. 8198 (SHS), 2003 U.S. Dist. LEXIS 3388, at *2-3 (S.D.N.Y. Mar. 7, 2003) (internal citations and quotations omitted); *see Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted.").

**C. Copyright Infringement**

Under the Copyright Act, "[c]opyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression . . . from which they can be perceived, reproduced, or otherwise communicated." 17 U.S.C. § 102(a). Section 106 of the Copyright Act grants, *inter alia,* the following exclusive rights to the owner:

> (1) to reproduce the copyrighted work in copies or phonorecords;
>
> (2) to prepare derivative works based upon the copyrighted work;
>
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

---

this case, however, *pro se* defendant Stollman is an intellectual property lawyer, with a self-proclaimed specialty in music matters, who is admitted to practice in the State of New York and is appearing as counsel on behalf of defendant ESP-Disk. (*See* Def. Mem., at 1.) Accordingly, Defendants' submissions need not be given the benefit of a liberal construction.

> (4) in the case of . . . musical . . . works, . . . to perform the copyrighted work publicly;
>
> (5) in the case of . . . musical . . . works, . . . to display the copyrighted work publicly; and
>
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106; *see also Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 546 (1985) ("Section 106 of the Copyright Act confers a bundle of exclusive rights to the owner of the copyright.").

"To establish a *prima facie* claim of copyright infringement, a plaintiff must allege both '(1) ownership of a valid copyright and (2) infringement of the copyright by the defendant.'" *ABC, Inc. v. Flying J, Inc.*, No. 06 Civ. 2967 (DAB), 2007 U.S. Dist. LEXIS 13252, at *9 (S.D.N.Y. Feb. 22, 2007) (quoting *Yurman Design v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001)).[2] Ownership of a valid copyright is adequately pleaded by alleging sole ownership of the copyright and possession of copyright registration certificates. *Hogan v. DC Comics*, 983 F. Supp. 82, 85 (N.D.N.Y 1997).[3] To allege copyright infringement, a plaintiff must allege that the defendant infringed one or more of the copyright owner's five exclusive rights, as defined in

---

[2] The second element of an infringement action is described alternatively as "copying." *See*, *e.g.*, *Arica Inst., Inc. v. Palmer*, 970 F.2d 1067, 1072 (2d Cir. 1992). The term "'copying' . . . is shorthand for any infringement on one of the copyright owner's exclusive rights as defined under 17 U.S.C. § 106." *Peker v. Masters Collection*, 96 F. Supp. 2d 216, 218 (E.D.N.Y. 2000).

[3] Ultimately, ownership may be established through a certificate of registration, provided that the certificate was made before or within five years after first publication of the work. *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 154 (2d Cir. 2007) (citing 17 U.S.C. § 410(c)). The evidentiary weight to be accorded certificates of registration made more than five years after first publication is within the discretion of the court. *Id*.

17 U.S.C. § 106, *i.e.,* the right of reproduction, adaptation, distribution, performance, and/or display. *ABC, Inc.*, 2007 U.S. Dist. LEXIS 13252, at *10.

To plead the above elements sufficiently under Rule 8(a), a complaint must allege: (1) which specific original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) "by what acts during what time" the defendant infringed the copyright. *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (citing *Franklin Electronic Publishers v. Unisonic Prod. Corp.*, 763 F. Supp. 1, 4 (S.D.N.Y. 1991)), *aff'd*, 23 F.3d 398 (2d Cir. 1994); *accord Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 251 (S.D.N.Y. 2000).

## II. PLAINTIFF'S MOTION TO DISMISS

Accepting as true the facts alleged in the Amended Complaint, Plaintiffs' claims are sufficiently pleaded to meet the requirements of both Rule 12(b)(6) and Rule 8(a).

### A. Rule 12(b)(6)

#### 1. Ownership of Valid Copyrights

Plaintiffs plead that they are the exclusive owners of the copyrights at issue (Am. Compl., at ¶ 30), alleging in support of their claim of ownership that they composed the musical compositions in question (*id*., at ¶¶ 12, 18), that the music and song lyrics they composed were original and therefore constituted copyrightable subject matter (*id*., at ¶ 18), and that they have obtained federal copyright registrations in their musical compositions (*see id*., at ¶¶ 18, 30-31, and Ex. D).[4]

[4] Although these registrations, which were obtained long after the compositions were created (*see* Pl. Mem., at 6; *see also* Am. Compl., at Ex. D), would not, in themselves, constitute *prima facie* evidence of valid copyright ownership, they may still be entitled to some weight,

Despite Plaintiff's allegations of copyright ownership, Defendants argue that, at least with respect to Plaintiffs' earlier compositions, Plaintiffs cannot prove ownership of valid copyrights as a matter of law, because sound recordings produced prior to February 15, 1972 are not eligible for federal copyright protection. (Def. Mem., at 15; Def. Reply Mem., at 14-15.) Plaintiffs, however, do not seek federal copyright protection of sound recordings, but rather of Plaintiffs' musical compositions. (Pl. Mem., at 5-7.)

"'Copyright protection extends to two distinct aspects of music: (1) the musical composition, which itself frequently consists of two distinct components – music and lyrics; and (2) a physical embodiment of a particular performance of the musical composition,' or the sound recording." *PPX Enters. v. Transatlantic Corp.*, No. 92 Civ. 1749 (PKL), 1994 U.S. Dist. LEXIS 9436, at *7 (S.D.N.Y. July 13, 1994) (quoting 4 Nimmer on Copyright § 24.01); *see also Preta v. Collectibles, Inc.*, No. 00 Civ. 0279 (JGK), 2002 U.S. Dist. LEXIS 5132, at *14-16 (S.D.N.Y. Mar. 22, 2002) (analyzing copyright of sound recordings distinctly from copyright of the underlying compositions). Unlike sound recordings, musical compositions predating February 15, 1972 *are* eligible for federal copyright protection. *See PPX Enters.*, 1994 U.S. Dist. LEXIS 9436, at *7 (protecting copyright of musical composition registered in 1966 against

---

subject to the discretion of the court. *See*, *e.g.*, *Troll Co.*, 483 F.3d at 154 (finding that plaintiff company was likely to succeed in proving ownership, even though copyright registrations were obtained belatedly); *Yurman Design, Inc. v. Golden Treasure Imps., Inc.*, 275 F. Supp. 2d 506, 516-17 (S.D.N.Y. 2003) (granting summary judgment to plaintiff on the issue of copyright validity, although registration certificate was procured more than five years after first publication, where defendant produced no evidence as to why the certificates were invalid). In addition, Plaintiffs' allegation that Defendants were supposed to have assisted them in obtaining the copyright registrations, but failed to do so (Am. Compl., at ¶¶ 13, 14, 17, 21) lends further support to Plaintiffs' claim of valid ownership, as it offers at least some suggestion as to why the registrations were not obtained contemporaneously.

infringement by distribution from 1983 to 1985 of sound recordings of said composition). Thus, Defendants miss the mark with their argument regarding the legal sufficiency of Plaintiffs' allegations of copyright ownership.

Defendants further argue that Plaintiffs cannot prove exclusive ownership of the copyrights at issue because Defendants own a 50-percent interest in Plaintiffs' musical works pursuant to the "ESP-GODZ Agreement." (Def. Mem., at 7, 19.) Plaintiffs dispute this fact, however (*see* Pl. Mem., at 10), countering that the ESP-GODZ Agreement was expressly limited to a three-year term and that, in any case, Defendants breached that agreement in failing to obtain copyrights of the subject works (*see* Pl Sur-Reply Mem., at 2 (citing Reply to Answer and Counterclaims, at ¶ 53); *see also* Answer, at Ex. 1). As Plaintiffs argue, disputed issues of fact are not appropriately decided at the dismissal stage. (*See* Pl. Mem., at 10 (citing *M. Shanken Communications, Inc. v. Cigar500.com*, No. 07 Civ. 7371 (JGK), 2008 U.S. Dist. LEXIS 51997, at *11 (S.D.N.Y. July 7, 2008))). Rather, in deciding a motion to dismiss, the Court accepts as true all facts alleged in the complaint and "draw[s] all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). Thus, for purposes of the pending motion, this Court must accept as true the Plaintiffs' version of the facts regarding ownership of the copyrights at issue.

**2. <u>Infringement of the Copyright by Defendants</u>**

As to their allegations of infringement, Plaintiffs plead that Defendants manufactured and sold, and continue to manufacture, market and sell, CD and digital copies of the Defendants' musical compositions. (Am. Compl., at ¶¶ 25, 33.) Plaintiffs have also attached to their Amended Complaint supposed July 2006 printouts of information that was then available on

Defendants' website, showing that Defendants were, at that time, offering for sale CDs containing Plaintiffs' copyrighted musical compositions. (*See id*., at Ex. C.) Finally, Plaintiffs allege that Defendants have licensed third-party vendors to sell CDs containing Plaintiffs' compositions. (*Id*., at ¶ 26.) These allegations of past and ongoing unauthorized reproduction and distribution are sufficient to state a claim for copyright infringement. *See* 17 U.S.C. § 102(a)(1), (3); *PPX Enters.*, 1994 U.S. Dist. LEXIS 9436, at *7.

As Plaintiffs have sufficiently pleaded both copyright ownership and infringement, Plaintiffs' claims should not be dismissed under Rule 12(b)(6).

**B. Rule 8(a)**

Plaintiffs have listed in their Amended Complaint the specific original works that are the subject of Plaintiffs' copyright infringement claim (*see* Am. Compl., at ¶¶ 15, 17-18, and Ex. A), have alleged exclusive ownership of the copyrights in those works (*see id*., at ¶ 30), and have alleged that the copyrights have been registered in accordance with the applicable statute (*see id*., at ¶¶ 18, 31, and Exs. A and D). Plaintiffs have further alleged that Defendants have infringed Plaintiffs' exclusive right of distribution by offering for sale, on Defendants website, CDs containing Plaintiffs copyrighted compositions during an ongoing period beginning in 2005. (*See id*., at ¶¶ 24-26.) These allegations constitute a short and plain statement of Plaintiffs' claims sufficient to meet the requirements of Rule 8(a). *Carell,* 104 F. Supp. 2d at 251 (complaint sufficient under Rule 8(a), "despite the fact that each individual infringement was not specified," where plaintiff alleged the publication of certain designs in national and international stage productions and videos in 1997 and 1998 and their use in certain commercial products);

*Kelly*, 145 F.R.D. at 36 n.3 (infringement claim adequately supported when plaintiff narrowed the infringing act to the publishing and distribution of two specific songs during 1991).

Accordingly, Defendants' alternative argument for dismissal pursuant to Rule 8(a) should also be rejected.

**CONCLUSION**

For all of the reasons stated above, I hereby recommend that Defendants' motion to dismiss the Amended Complaint (Dkt. 40), be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Amended Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, United States Courthouse, 500 Pearl Street, Room 2510, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Batts. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension*

*Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
        February 26, 2009

                                            Respectfully submitted,

                                            DEBRA FREEMAN
                                            United States Magistrate Judge

Copies to:

Hon. Deborah A. Batts, U.S.D.J.

Mitchell S. Feller, Esq.
Hogan & Hartson, L.L.P.
875 Third Avenue
New York, NY 10022

Bernard Stollman, Esq.
990 Bedford Avenue
Brooklyn, NY 11205