UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JAMES EDWARD MCCARTHY, et al.,
                    Plaintiffs,

        -against-                              06 Civ. 2613 (DAB)
                                                     ORDER
BERNARD STOLLMAN, ESP-DISK,

                    Defendants.
------------------------------------X

DEBORAH A. BATTS, United States District Judge.

   On July 10, 2009, Defendant Bernard Stollman filed a Second Amended Motion to Dismiss after his initial Motion to Dismiss was denied and he withdrew his July 2, 2009 Second Motion to Dismiss. Defendant's Second Amended Motion to Dismiss, which was filed 43 days after the May 28, 2009 dispositive motion deadline, seeks to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(7), for failure to join a necessary and indispensable party.

   Even were Defendant's Second Amended Motion to Dismiss timely, it would still be denied, because Mr. Thorton, the alleged necessary and indispensable party, is at most tangentially related to Plaintiffs' suit.

   Under Rule 19(a), an absent party should be joined, if feasible, where:

   > (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise

> inconsistent obligation by reason of the cliamed interest."

Federal Rule of Civil Procedure Rule 19(a). Here, Defendant only contends that Mr. Thorton has an interest in the subject of the action and that his absence impairs his own ability to protect that interest under Rule 19(a)(2)(i). (Def's Mem. Of Law, 18.) Plaintiffs, however, have provided and affirmed the veracity of a June 22, 2006 email from Mr. Thorton to Plaintiffs' counsel, requesting that Plaintiffs remove all of his songs from the Amended Complaint, stating that he does not wish to be represented by Plaintiffs' counsel in the instant matter, "nor wish to be a party to any of this." (Feller, Ex. A.) Furthermore, the songs listed by Mr. Thorton in his June 22, 2006 email, as well as all works for which Mr. Thorton was identified as a joint composer on the federal copyright registrations were removed from the July 25, 2006 Amended Complaint. See (Amended Complaint, Dock. #2.)

Because Mr. Thorton voluntarily withdrew from the instant matter, and because the songs in which he has an interest are not at issue, Mr. Thorton is not a necessary party under Rule 19(a). Accordingly, although it is untimtely, the Court nevertheless DENIES on the merits, and with prejudice, Defendant's Second Amended Motion to Dismiss on the basis of Rule 12(b)(7).

Subsequent to the filing of his Second Amended Motion to Dismiss, Defendant filed an untimely Motion for Summary Judgment on July 13, 2009. By letter of July 16, 2009, Plaintiffs

2

requested permission for a pre-motion conference regarding Defendant's Motion for Summary Judgment. Such a conference is unnecessary and the Court deems the July 16, 2009 letter to be that Motion. Defendant's Motion for Summary Judgment, filed July 13, 2009, is untimely in light of the dispositive motion deadline, and in violation of the Court's Individual Rules. Further, Defendant's Motion for Summary Judgment attempts to relitigate the same legal issue that was decided on the merits in Court's adoption of Magistrate Judge Freeman's Report and Recommendation. Accordingly, for these reasons, Defendant's untimely Motion for Summary Judgment is stricken from the Docket. SO ORDERED.

Dated:   New York, New York
         August 11, 2009

*Deborah A. Batts*
Deborah A. Batts
United States District Judge